LEWIS FRIEDMAN, PLAINTIFF IN ERROR, v. THE NORTH
HUDSON COUNTY RAILWAY COMPANY, DEFENDANT
IN ERROR.

Argued June 22, 1900—Decided November 19, 1900.

When a case turns on questions of fact as to which the proof is in sub-
stantial conflict, it is error to direct a verdict for the defendant.

In tort.   On error to the Supreme Court.   Tried at the
Hudson Circuit at April Term, 1900, before Mr. Justice Lip-
pincott and a jury.

For the plaintiff in error, *Queen & Tennant.*

For the defendant in error, *Wallis, Edwards & Bumsted.*

The opinion of the court was delivered by

ADAMS, J.   The plaintiff was hurt while alighting from a
trolley car operated by the defendant, and brought suit to
recover damages consequent upon his injury.   It appears that
Ninth street and Jersey avenue in Jersey City intersect at
right angles, Ninth street running east and west and Jersey
avenue north and south; that at about eight o'clock in the
evening of September 9th, 1898, the trolley car on which the
plaintiff was a passenger was moving eastwardly along Ninth
street, and that the plaintiff notified the conductor to let him
off at Jersey avenue.   The place at which it was usual for an
eastbound car to make the Jersey avenue stop was on the east
side of Jersey avenue.   The case turned at the trial upon con-
troverted questions of fact; namely, whether, on the one
hand, the plaintiff jumped off the car before it came to a
stop, and before it reached the usual stopping place, and so
was hurt; or whether, on the other hand, the car had entirely
stopped at the usual stopping place, and was started again by
the conductor and motorman while the plaintiff was pre-
paring to alight, so that he was thrown to the ground.   The

plaintiff testified that the latter state of fact existed; the conductor, Charles Schmade, and the motorman, John Werner, testified that the former state of fact existed. There was some corroborating evidence on each side.

On behalf of the plaintiff, two witnesses, Morris Goodman and Fritz Arbermeitz, were examined as to the circumstances of the accident. Goodman testified that he was in East Hamilton Park, walking toward Ninth street, and saw the trolley car going eastwardly on Ninth street, and that the car stopped at the corner of Jersey avenue on the east side; that the car then started, and that a big crowd hallooed to stop it, and that it stopped again after going a short distance. The gist of this evidence therefore was that the car made the usual Jersey avenue stop, started, and then stopped again amid cries indicating that something was wrong. Arbermeitz testified that he was a passenger in the same car with the plaintiff; that the car stopped at Jersey avenue; that when the car had entirely stopped he himself jumped off and went on his way; that he heard hallooing, and looked back and saw that the car had moved a short distance in an easterly direction from where it was when he got off, and had then stopped again, and that the plaintiff was lying on the ground. The gist of the evidence of this witness was that the car made the usual Jersey avenue stop, and then started and stopped again, and that the plaintiff lay on the pavement.

On behalf of the defendant, besides the conductor and motorman, Joseph Burk was examined. Burk was a passenger on this car, and testified that the plaintiff stepped off the car while it was in motion, before it reached the east side of Jersey avenue, and that he fell and was hurt.

The version of the facts, on behalf of the plaintiff, was that the car stopped twice; first, at the east side of Jersey avenue, to make the usual stop, and then again further to the east, in order to render aid to the plaintiff, who had been thrown off by the premature starting of the car. The version of the facts, on behalf of the defendant, was that the car stopped only once—in obedience to a quick bell from the con-

ductor—at a point a little east of the west side of Jersey avenue, and that this stop was made in order to render aid to the plaintiff, who had been hurt by jumping off while the car was in motion. Whether the car stopped twice or only once was therefore a question that was not merely material, but the answer to which would be almost, if not altogether, decisive of the result at the trial. Upon this important question the evidence was in conflict.

At the close of the plaintiff's case the trial judge refused a motion to nonsuit, and at the close of the whole case directed a verdict for the defendant. To this direction an exception was taken, on which error has been assigned.

If this was the whole case, it was error to take it from the jury, for the material facts were in dispute. It appears from the remarks of the trial judge in directing judgment that two other considerations operated upon his mind; first, that the Supreme Court had granted a new trial on the same evidence, and secondly, that the plaintiff was careless in carrying bundles that weighed between sixty and seventy pounds. The judgment cannot be sustained on either or both of these grounds.

Without considering the general question what effect a trial judge should give to a determination of the Supreme Court, in the same case, as to the mere weight of evidence, it is enough to say that the proof at the second trial was not the same as at the first trial. At the first trial Fritz Arbermeitz was not a witness. His testimony was material, and its force can be escaped only by denying its truth. This witness was not impeached, and his story was not intrinsically incredible. It was for the jury to pass upon its credibility. As to the other point, there is nothing to show that it is negligence *per se* to carry bundles weighing from sixty to seventy pounds, or that the plaintiff handled the bundles carelessly, or that his strength was inadequate to such a burden.

As the evidence was in substantial conflict concerning critical questions of fact, it was error to take the case from the jury. The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 12.